IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY<br><br>    Plaintiff,<br> -vs-<br><br>OHIO DEPARTMENT OF MEDICAID, CAROL THOMPSON, LINDA BEATTY, NANCY MCKEE, SUSAN FITZHUGH, JAMES M. KOPPIN, SR., Individually and as Executor of the Estate of Erma Koppin, DAVID KOPPIN, GARY KOPPIN, SCOTT KOPPIN and LEE KOPPIN,<br><br>    Defendants. | CASE NO.<br><br>**COMPLAINT OF DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY FOR INTERPLEADER AND DECLARATORY RELIEF** |

Plaintiff American General Life Insurance Company (hereinafter referred to as "American General"), by and through its attorney, Geoffrey A. Belzer of the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, hereby submits its Complaint for Interpleader and Declaratory Relief.

**JURISDICTION AND VENUE**

1. This interpleader action is brought pursuant to 28 USC 1335 of the Federal Rules of Civil Procedure as the value of the annuity at issue exceeds $500.00 and there is minimal diversity among the defendants.

2. Venue is proper in this judicial district as at least one of the defendants resides within this judicial district.

## THE PARTIES

3. At all times relevant herein, American General was and is a corporation duly organized and existing under the laws of the State of Texas with its principal place of business in Houston. American General is authorized to conduct business throughout the State of Ohio as a life insurer.

4. American General is informed and believes, and on that basis alleges, that defendant James M. Koppin, Sr., individually and as Executor of the Estate of Erma Koppin is an individual who resides in Anna, Ohio, Shelby County.

5. American General is informed and believes, and on that basis alleges, that defendant Carol Thompson is an individual who resides in Dayton, Ohio, Montgomery County.

6. American General is informed and believes, and on that basis, alleges that defendant David Koppin is an individual who resides in Live Oak, Florida, Suwanee County.

7. American General is informed and believes, and on that basis alleges, that defendant Gary Koppin is an individual who resides in Sidney, Ohio, Shelby County.

8. American General is informed and believes, and on that basis alleges, that defendant Lee Koppin is an individual who resides in Anna, Ohio, Shelby County.

9. American General is informed and believes, and on that basis alleges, that defendant Linda Beatty is an individual who resides in Madison, Ohio, Lake County.

10. American General is informed and believes, and on that basis alleges, that defendant Nancy McKee is an individual who resides in The Plains, Ohio, Athens County.

11. American General is informed and believes, and on that basis alleges, that defendant Scott Koppin is an individual who resides in Anna, Ohio, Shelby County.

12. American General is informed and believes, and on that basis alleges, that defendant Susan Fitzhugh is an individual who resides in Cambridge, Maryland, Dorchester County.

13. American General is informed and believes, and on that basis alleges, that the Ohio Department of Medicaid is a public agency of the State of Ohio, duly formed and operating under the laws of the State of Ohio.

## FIRST COUNT

## INTERPLEADER

14. American General realleges and incorporates by reference the allegations of paragraphs 1-13, inclusive, as though stated fully herein.

15. On or about January 5, 2011, Erma Koppin ("Decedent"), applied for a Single Premium Immediate Annuity issued by Western National Life Insurance Company. In or about 2012, Western National Life Insurance Company was merged into American General. On the application, Decedent designated her nine children, defendants Carol Thompson, James Koppin, Sr., David Koppin, Linda Beatty, Susan Fitzhugh, Nancy McKee, Gary Koppin, Scott Koppin and Lee Koppin as beneficiaries. A true and correct copy of the application is attached hereto as **Exhibit 1**.

16. American General issued the annuity no. xxxx592[1] ("the Annuity"), with an effective date of January 5, 2011 and a single premium of $110,000.00. The Annuity provides for payments of $1,018.83 to be paid monthly for the period commencing on February 1, 2011 and ending on January 1, 2021. In the event that the annuitant dies before the payment of all

---

[1] To protect the integrity of the Annuity, the first four digits have been redacted. Should the Court wish to view the entire contract number, American General will provide same for the Court's *in camera* review.

3

installments during the guaranteed period, any remaining payments due shall be paid to the beneficiary, as they become due. A true and correct copy of the Annuity Contract is attached hereto as **Exhibit 2**.

17. American General is informed and believes and on that basis alleges that Decedent died on or about December 30, 2016.

18. Following Decedent's death, American General received a letter dated February 8, 2017 from attorney Jason This advising that his law firm represented the estate of decedent. Attorney This also requested the value of the account. A true and correct copy of the February 8, 2017 letter is attached hereto as **Exhibit 3**.

19. American General received a letter from the Office of the Ohio Attorney General dated April 17, 2017. In this letter authored by Curtis A. Henschen, Special Counsel, Mr. Henschen informed American General that the Department of Medicaid was making a claim on the Annuity up to the amount of $47,431.35. American General is informed and believes and on that basis alleges that said amounts represent the cost of medical care provided to Decedent prior to her death. A true and correct copy of the letter is attached hereto as **Exhibit 4**.

20. Defendant James M. Koppin, Sr., submitted a Death Claim Form to recover the beneficial interest of the Annuity on or about May 9, 2017. A true and correct copy of defendant James M. Koppin Sr.'s claim form is attached hereto as **Exhibit 5**.

21. On or about May 11, 2017, defendant Carol Thompson submitted a claim for the death benefit. A true and correct copy of defendant Thompson's Death Claim Form is attached hereto as **Exhibit 6**.

22. Thereafter, on or about May 12, 2017, defendants Linda Beatty and Lee Koppin submitted a claim to recover the death benefit. True and correct copies of defendants Linda Beatty and Lee Koppin's Death Claim Forms are attached hereto as **Exhibit 7**.

23. On or about May 16, 2017, defendants Susan Fitzhugh and David Koppin submitted claims to recover their beneficial interest in the Annuity. True and correct copies of defendants Susan Fitzhugh and David Koppin's Death Claim Forms are attached hereto as **Exhibit 8**.

24. On or about May 17, 2017, defendant Nancy McKee submitted a claim form for the death benefit. A true and correct copy of defendant Nancy McKee's Death Claim Form is attached hereto as **Exhibit 9**.

25. Defendants Gary Koppin and Scott Koppin submitted their claims for the death benefit on or about May 19, 2017. True and correct copies of the Death Claim Forms submitted by defendants Gary Koppin and Scott Koppin are attached hereto as **Exhibit 10**.

26. On June 19, 2017, American General wrote separately to defendants Carol Thompson, Linda Beatty, Nancy McKee, Susan Fitzhugh, James M. Koppin, Sr., David Koppin, Gary Koppin, Scott Koppin and Lee Koppin and informed them that the Ohio Department of Medicaid had asserted a claim against the Annuity. The letters further informed that because of the competing claim, American General could not pay the death benefit at that time. A true and correct copy of the letters dated June 19, 2017 are attached hereto as **Exhibit 11**.

27. Defendants and each of them, are persons known to American General to be asserting some right, title, or interest in or to all of a portion of the Annuity which is the subject of this Complaint and/or potentially could assert some right, title or interest in the Annuity. Hence, there are conflicting potential demands upon American General.

28. By reason of the actual and potential conflicting claims to the Annuity, American General does not know and cannot determine the person or persons legally entitled to payment.

29. American General is unable to determine with certainty the validity of the actual and potential conflicting demands that are and may be made by Defendants herein as described above, and cannot determine whom to pay. Additionally, American General may be exposed to multiple claims or liability should it make payment of any, or all, of the Annuity proceeds to an individual or individuals not entitled to said proceeds.

30. American General claims no interest in the Annuity, or any part thereof, other than as a mere stakeholder, and as a result of the actual and potential conflicting, but apparently potentially valid claims of the Defendants, is indifferent as to which Defendant or Defendants should receive the Annuity proceeds. Accordingly, American General files this Complaint in good faith and without collusion with any of the parties hereto to resolve all disputes over the Annuity.

31. American General has placed a hold on all transactions relating to the Annuity until such time as the Court determines the rightful beneficiary. Alternatively, should the Court require, American General will deposit said funds with the Court.

32. American General has retained the services of attorneys in California and Chicago for the purpose of protecting its interests arising out of the Defendants' actual and potential conflicting claims, and American General will be called upon to pay those attorneys for those services that they render in that regard. American General also will be compelled to incur costs and disbursements in the prosecution of this action. Those attorney's fees, costs and disbursements are and should be a legal charge upon the Annuity proceeds and should be repaid

to American General out of the said proceeds. The remaining portion of the Annuity proceeds will be paid over to the Defendant or Defendants as determined by the Court.

33. American General cannot determine without hazard to itself which Defendant has valid claims. Defendants should be required to assert their respective claims to the Annuity and litigate these claims among themselves.

34. American General has no other means of protecting itself from the vexation of duplicative claims and therefore is entitled to interplead the Annuity into this Court and to obtain judgment of this Court releasing American General from further participating in this matter, and for its fees and costs in interpleading the funds.

35. American General is entitled to a permanent injunction against all Defendants enjoining them from instituting or prosecuting any proceeding in any State or United States Court against American General, or in any other country or jurisdiction, arising from the Annuity or the payable under the Annuity, and requiring the Defendants to make any claim they might have with regard thereto in this action.

## SECOND COUNT

## DECLARATORY RELIEF

36. American General realleges and incorporates by reference the allegations of paragraphs 1-35, inclusive, as though stated fully herein.

37. An actual controversy has arisen and now exists between counterdefendants and American General concerning Annuity and any proceeds payable under the Annuity, specifically as follows:

    a. American General is informed and believes, and on that basis, alleges that defendant Ohio Department of Medicaid claims entitlement to recover the

7

        Annuity proceeds pursuant to Ohio Rev. Code section 5162.21(A)(b) in the amount of $47,431.35.

    b. American General is informed and believes, and on that basis, alleges that defendants Carol Thompson, Linda Beatty, Nancy McKee, Susan Fitzhugh, James M. Koppin, Sr., David Koppin, Gary Koppin, Scott Koppin and Lee Koppin claim entitlement to the Annuity proceeds as the Primary Beneficiaries of record.

38. American General desires a judicial determination of the rights and obligations of each of the parties to this action with respect to the Annuity in conformity with the allegations set forth herein.

39. By reason of the foregoing, there now exists an actual, justifiable controversy among the parties. The Court is vested with the power to declare and adjudicate the rights and legal relationships of the parties to this action with reference to the issues raised by this Complaint.

40. A judicial determination is necessary and appropriate at this time in order that each of the parties may ascertain their respective rights and duties as to one another and may conduct themselves now and in the future.

## **PRAYER**

WHEREFORE, American General prays for judgment against all counterdefendants as follows:

1. That this Court decree that the Complaint is property filed and that this is a proper cause for interpleader;

8

2. That this Court authorize American General to retain and manage the Annuity until such time as the Court determines the rightful beneficiary;

3. That Defendants each be compelled to interplead or settle among themselves their respective rights or claims to the Annuity and any proceeds due and payable under the Annuity;

4. That the Court enter an Order restraining Defendants, and each of them, from instituting or prosecuting any proceeding in any State or United States Court against American General with respect to the Annuity and any sum payable thereunder;

5. That American General be discharged from all liability to Defendants, and each of them, in this action or under the contract;

6. That American General be awarded its cost of suit incurred herein, including its reasonable attorneys' fees, to be paid out of the Annuity proceeds; and

7. For such other and further relief as the Court deems just and proper.

Dated: September 6, 2017

Respectfully submitted,

By: *s/Geoffrey A. Belzer*
Geoffrey A. Belzer (0071899)
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
55 W. Monroe Street, Suite 3800
Chicago, IL 60603-5001
Tel: (312) 704-0550
Fax: (312) 704-1522
geoffrey.belzer@wilsonelser.com
*Attorneys for Plaintiff American General Life Insurance Company*

1791579v.2